PROSKAUER ROSE LLP
Stephanie L. Marn (D.C. Bar # 467873)
1001 Pennsylvania Ave., NW
Suite 400 South
Washington, D.C., 20004-2533
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

NAUSHEEN AHMED,

    Plaintiff,

    -against-

PAKISTAN INTERNATIONAL AIRLINES
CORP., 1001 Connecticut Avenue, N.W., Suite 225,
Washington, D.C. 20036

    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Case No.: _____

**NOTICE OF REMOVAL**

Superior Court of the District of
Columbia, Civil Division
Civil Action No. 0008824-06

    Defendant Pakistan International Airlines Corp., by its attorneys, Proskauer Rose LLP, pursuant to the provisions of 28 U.S.C. §§ 1331, 1441 and 1446, respectfully gives notice of the removal of this action from the Superior Court of the District of Columbia, Civil Division, and states as follows:

    1.    On or about December 11, 2006, Nausheen Ahmed, as a *pro se* plaintiff, filed a complaint in the Superior Court of the District of Columbia, Civil Division (Civil Action No. 0008824-06), against defendant Pakistan International Airlines Corp. (the "Complaint"). Although the case has been assigned and an initial conference has been scheduled for March 23, 2007, Defendant has never been served with the Complaint (and hereby reserves its rights in that regard), and only learned of the Complaint by facsimile from its attorney on January 3, 2007. A copy of the Summons and Complaint is annexed hereto as Exhibit 1.

2. This action has been removed on the basis of 28 U.S.C. § 1441(d) as it involves a suit against a foreign state as defined in Section 1603(a) of the Foreign Sovereign Immunities Act, 28 U.S.C. §1603(a).

3. Pakistan International Airlines Corp. is a "foreign state" within the meaning of 28 U.S.C. § 1603(a) because it is an agency or instrumentality of Pakistan within the meaning of 28 U.S.C. § 1603(b). Pakistan International Airlines Corp. is a company established pursuant to Pakistani law and is owned by the government of Pakistan.

4. This action also is being removed to federal court because it seeks to recover benefits from an "employee benefit plan" within the meaning of and governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq.

5. ERISA preempts the state law claims alleged in plaintiff's Complaint and provides the exclusive remedies for recovery of benefits claimed under employee benefit plans. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

6. This court has original "federal question" jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) and (f). As a civil action founded on a right or claim arising under the laws of the United States, this action is properly removable to this Court pursuant to the provisions of 28 U.S.C. § 1441, et seq.

7. Accordingly, removal of this action pursuant to 28 U.S.C. § 1441(d) is proper.

8. This Notice of Removal is being filed within thirty (30) days after receipt by Pakistan International Airlines Corp. of the Complaint and is timely filed under 28 U.S.C. § 1441(d) and/or 28 U.S.C. § 1446(b).

9.  Promptly after filing this Notice of Removal, a true copy of this Notice will be filed with the Clerk of the Superior Court of the District of Columbia, Civil Division, as required by 28 U.S.C. § 1446(d).

10. Written notice of the filing of the Notice of Removal will be given to plaintiff pursuant to 28 U.S.C. § 1446(d).

11. By filing this Notice of Removal, Pakistan International Airlines Corp. does not waive any defenses which may be available to it.

WHEREFORE, Pakistan International Airlines Corp. respectfully requests that this action proceed in this Court as a matter properly removed thereto.

Dated: January 24, 2007

PROSKAUER ROSE LLP

By: *Stephanie L. Marn*
Stephanie L. Marn (D.C. Bar # 467873)
1001 Pennsylvania Ave., NW
Suite 400 South
Washington, D.C., 20004-2533
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
*Attorneys for Defendant*

TO: Nausheen Ahmed
14353 Westway Lane
Apt. #12
Woodbridge, VA 22193
*Pro Se* Plaintiff



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

NAUSHEEN AHMED
Vs.
PAKISTAN INTERNATIONAL AIRLINES CORP

C.A. No.    2006 CA 008824 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this Conference.

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge JENNIFER M ANDERSON
Date: December 11, 2006
Initial Conference: 9:30 am, Friday, March 23, 2007
Location: Courtroom A-50
          515 5th Street N.W.
          WASHINGTON, DC 20001

Exhibit 1

Caio.doc

JAN-03-2007 15:37         ZUCKERT, SCOUTT&RASENBER                    202 298 8181      P.04

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| NAUSHEEN AHMED | 0008824-06 |
|---|---|

Plaintiff

vs.

| PAKISTAN INTERNATIONAL AIRLINES CORP. | Civil Action No. |
|---|---|

Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, NW between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Clerk of the Court

NAUSHEEN AHMED
Name of Plaintiff's Attorney

14353 WESTWAY LANE APT#12
Address
WOODBRIDGE, VA 22193

703-498-7320H 571-247-6409C
Telephone

By _____ Deputy Clerk

Date 12|11|06

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

JAN-03-2007  15:37        ZUCKERT,SCOUTT&RASENBER                202 298 8181    P.05

**IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*.**

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

#1164 P.005 /011                                                      JAN.03.2007 17:29 12129715431

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

RECEIVED
Civil Clerk's Office
DEC 1 1 2006
Superior Court of the
District of Columbia
Washington, D.C.

0008824-06

*Plaintiff*

NAUSHEEN AHMED
14353 Westway Lane
Apt # 12
Woodbridge VA 22193

Civil Action No. [         ]

SERVED
MR. RICHARD MATHIAS
ZUCKERT SCOUTT RASENBERGER LLP
888 - 17TH ST. NW, Suit 700,
WASHINGTON DC — 20006

*Defendants*

PAKISTAN INTERNATIONAL AIRLINES CORP.
COMPLAINT  1001 Connecticute Ave; NW
Suite 225
Washington DC 20036

1. Jurisdiction of this court is founded on D.C. Code Annotated, 1973 edition, as amended, Sec. 11-921.

See Attached

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ [8100.11+5FTDAYS] with interest and costs.

Phone: [703-496-7320H 571-247-6409C]

**DISTRICT OF COLUMBIA, SS**

[NAUSHEEN AHMED] being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-offs and just grounds of defense.

_Nausheen Ahmed_
(Plaintiff / Agent)

Subscribed and sworn to before me this [11th] day of [December] [2006]

(Notary Public/Deputy Clerk)
_signature_
9/30/2010

FORM CV4(1)(13)(Mar) M
R 1703 v4-290



October 3, 2006

BY HAND

Ms. Nausheen Ahmed
14353 Westway Lane
Woodbridge, VA 22193

Dear Ms. Ahmed:

As you have been informed, Pakistan International Airlines ("PIA") is undergoing some important organizational changes. Unfortunately, part of this transition necessarily involves controlling costs by reducing staff in certain areas. As a result, we regret to inform you that your position is being eliminated and that your last day of employment with PIA will be October 6, 2006 (your "Separation Date"). You will no longer be eligible to receive benefits under or participate in any PIA benefit plan after your Separation Date.

In addition to being paid through your Separation Date, you will receive pay for any accrued but unused vacation days on PIA's first regular payroll date after your Separation Date. Your group health coverage will end on October 31, 2006, but commencing November 1, 2006, you will be eligible for continued group health coverage — at your own expense and subject to your timely election of coverage — pursuant to the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") for an additional prescribed period (usually up to 18 months). More information about your rights to continued health coverage under COBRA will be sent to you under separate cover.

In addition, in accordance with the Pakistan International Airlines Severance Pay Plan for Local United States Based Employees, you are eligible to receive the gross amount of $8,100.11 (the "Severance Payment") in exchange for your signing the enclosed Agreement and General Release ("Agreement"). This Severance Payment is subject to applicable tax withholdings and other usual payroll deductions. Moreover, please note that in order to be eligible to receive the Severance Payment, you must remain employed by PIA, in good standing, through your Separation Date and must not violate any provisions of the Agreement.

The decision as to whether to accept the Severance Payment by signing the Agreement is completely voluntary. No employee or representative of PIA is authorized to advise you as to what decision you should make or to add to or modify in any way the written terms and conditions set forth in this letter or the Agreement. Regardless of whether you sign the Agreement you will receive the benefits described in the second paragraph of this letter. We advise you to consult with an attorney of your choice before signing the Agreement. You have twenty-one (21) days from your receipt of the Agreement or, if later, until your Separation Date to consider and sign the Agreement. If you decide to accept the terms of the Agreement,

Pakistan International Airlines
505 Eighth Avenue, New York, NY-10018
Tel : (212) 760-5454
Fax: (212) 871-5434
Cable : 'Pakintah' New York
Website : www.piac.com.pk

JAN-03-2007 15:38   ZUCKERT, SCOUTT&RASENBER   202 298 8181   P.08

please sign and date the enclosed Agreement before a notary public and return it to Rashid S. Farookee, General Manager - The Americas, Pakistan International Airlines, 505 8th Avenue, 14th Floor, New York, NY 10018. <u>Please do not sign the Agreement before your Separation Date</u>; if you do, the Agreement will not be effective or accepted by PIA. Once you sign the Agreement, it will be effective on the date that it is received by PIA. If you decide not to sign the Agreement, kindly notify Mr. Farookee of your decision.

If you have any questions, please do not hesitate to call Mr. Rehan Izzat Ali, Finance/HR Manager - The Americas, at 212-760-8484, ext. 211. We wish you the very best in your future endeavors.

Very truly yours,

Rashid S. Farookee
General Manager - The Americas

JAN-03-2007 15:38       ZUCKERT, SCOUTT&RASENBER         202 298 8181    P.09

## AGREEMENT AND GENERAL RELEASE

Pakistan International Airlines Corp. ("PIA") and Nausheen Ahmed ("Employee"), who resides at 14353 Westway Lane, Apt. #12, Woodbridge, VA 22193, agree to the terms and conditions set forth below:

1. Employee acknowledges that her employment with PIA was terminated on October 6, 2006 (the "Termination Date"). In exchange for the general release in paragraph 3 below and other promises contained herein, and in accordance with the terms of the Pakistan International Airlines Severance Pay Plan for Local United States Based Employees, Employee will receive severance in a gross amount equal to Eight Thousand One Hundred Dollars and Eleven Cents ($8,100.11) (the "Severance Payment"). Such Severance Payment will be paid in a lump sum within sixty (60) days of the Effective Date of this Agreement and General Release ("Agreement"), and will be subject to all applicable payroll withholding deductions.

2. Employee hereby agrees and acknowledges that the Severance Payment provided in paragraph 1 and the other benefits provided for herein exceed any payment, benefit or other thing of value to which Employee might otherwise be entitled under any policy, plan or procedure of PIA or its parent or affiliates or pursuant to any prior agreement or contract with PIA or its parent or affiliates.

3. (a) In exchange for the consideration provided for by paragraph 1, Employee, for herself and for her heirs, executors, administrators and assigns (referred to collectively as "Releasors"), forever release and discharge PIA and any and all of PIA's parent companies, partners subsidiaries, affiliates, successors and assigns, and any and all of its or their past and/or present officers, directors, partners, agents, employees, employee benefit plans and their fiduciaries and administrators, and all of their successors and assigns (referred to collectively as the "Releasees"), from any and all claims, demands, causes of action, fees and liabilities of any kind whatsoever, whether known or unknown, which Releasors ever had, now have or may have against Releasees by reason of any actual or alleged act, omission, transaction, practice, conduct, occurrence or other matter up to and including the date Employee signs this Agreement.

(b) Without limiting the generality of the foregoing, this Agreement is intended to and shall release Releasees from any and all claims, whether known or unknown, that Releasors ever had, now have or may have against Releasees arising out of Employee's employment with PIA or any of the Releasees, the terms and conditions of such employment and/or the termination of such employment, including but not limited to: (i) any claim under the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), (ii) any claim under the Age Discrimination in Employment Act, as amended; (iii) any claim under Title VII of the Civil Rights Act of 1964, as amended; (iv) any claim under the Americans with Disabilities Act, as amended; (v) any claim under the Family and Medical Leave Act, as amended; (vi) any claim under the New York State or New York City Human Rights Law (both as amended); (vii) any other claim of discrimination, harassment or retaliation in employment (whether based on U.S. federal, state or local law, statutory or decisional); (viii) any claim sounding in tort or contract (express or implied); and (ix) any claim for attorneys' fees, costs, disbursements and/or the like.

JAN-03-2007 15:38    ZUCKERT, SCOUTT&RASENBER    202 298 8181    P.10

(c) By virtue of the foregoing, Employee agrees that she has waived any damages and other relief available to her (including, without limitation, money damages, equitable relief and reinstatement) under the claims waived in this paragraph 3. Employee acknowledges that this document may be raised as an estoppel and complete bar to any claim waived in this paragraph 3. Nothing herein, however, shall constitute a waiver of claims arising after the date Employee signs this Agreement.

4. Employee acknowledges that during the course of her employment she learned and/or had access to confidential and proprietary information of PIA and agrees that she has a continuing obligation after her separation from employment to maintain the confidentiality of, and not to directly or indirectly use such information without the written consent of PIA, and will comply with her obligation. Additionally, Employee agrees that she will not disclose to any other person or entity the terms and conditions of this Agreement without the prior written consent of PIA, except (a) as may be required by law and (b) to her immediate family members, financial advisor(s) and her attorney, provided that Employee first informs them of the confidentiality of this Agreement and they agree to maintain its confidentiality.

5. Employee represents that she has returned (or will return) to PIA all property belonging to PIA, including but not limited to keys, card access to buildings and office floors, cell phones, PDA's, and business information and documents. Employee further agrees to cooperate with PIA and its counsel in connection with any investigation, administrative proceeding or litigation relating to any matter in which Employee was involved during Employee's employment with PIA or of which Employee has knowledge.

6. If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the enforceability of, any other provision of this Agreement. Further, to the extent any provision of this Agreement is deemed to be overbroad or unenforceable as written, such provision shall be given the maximum effect permissible under law.

7. This Agreement represents the entire understanding between the parties hereto with respect to the subject matter hereof, and may not be changed or modified except by a written agreement signed by both of the parties hereto after the Effective Date of this Agreement.

8. This Agreement shall be construed and enforced in accordance with the laws of the State of New York without regard to conflict of law rules. Additionally, any action to enforce the terms of this Agreement shall be commenced in New York City, New York. Both parties consent to personal jurisdiction in federal and state courts in New York City.

9. This Agreement is binding upon, and shall inure to the benefit of, the parties and their respective heirs, executors, administrators, successors and assigns.

10. Employee acknowledges that she: (a) has carefully read this Agreement in its entirety; (b) has had an opportunity to consider the terms of this Agreement for least twenty-one (21) days; (c) is hereby advised by PIA in writing to consult with an attorney of her choice in

#1164 P.010 / 011    JAN.03.2007 17:30 12129715434

connection with this Agreement; (d) fully understands the significance of all of the terms and conditions of this Agreement and has discussed them with an attorney of her choice, or has had a reasonable opportunity to do so; and (e) is signing this Agreement voluntarily and of her own free will and agrees to abide by all the terms and conditions contained herein.

11. Employee may accept this Agreement by signing it before a notary public no earlier than her Termination Date and delivering it to Rashid S. Farookee, General Manager - The Americas, Pakistan International Airlines, 505 8th Avenue, 14th Floor, New York, NY 10018 by the twenty-first (21st) day after receiving it. Once this Agreement is signed (provided that it is not signed earlier than the Termination Date), it will be effective the date that it is received by PIA (the "Effective Date").

_____    13 Oct 06
Nausheen Ahmed                Date

County of: _____
State of: VIRGINIA

On this 13 day of October 2006, before me personally came Nausheen Ahmed to me known and known to me to be the person described in and who executed the Agreement and General Release, and she duly acknowledged to me that she executed the same.

_____
Notary Public

PAKISTAN INTERNATIONAL AIRLINES

By: _____
Rashid S. Farookee
General Manager - The Americas

3

PROSKAUER ROSE LLP
Stephanie L. Marn (D.C. Bar # 467873)
1001 Pennsylvania Ave., NW
Suite 400 South
Washington, D.C., 20004-2533
Telephone: (202) 416-6800
Facsimile: (202) 416-6899
Attorneys for Defendant

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
----------------------------------- x

| | |
|---|---|
| NAUSHEEN AHMED, | Case No.: _____ |
| Plaintiff, | |
| -against- | **CERTIFICATE OF SERVICE** |
| | Superior Court of the District of |
| PAKISTAN INTERNATIONAL AIRLINES | Columbia, Civil Division |
| CORP., 1001 Connecticut Avenue, N.W., Suite 225, | Civil Action No. 0008824-06 |
| Washington, D.C. 20036 | |
| Defendant. | |

----------------------------------- x

The undersigned hereby certifies that a copy of the foregoing **NOTICE OF REMOVAL** was served upon the individual listed below by enclosing the same in an envelope addressed to such individual by First Class Mail, postage prepaid, on this 24th day of January, 2007.

Nausheen Ahmed
14353 Westway Lane
Apt. #12
Woodbridge, VA 22193
*Pro Se* Plaintiff

_____
Stephanie L. Marn

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

NAUSHEEN AHMED
14353 Westway Lane, Apt. #12
Woodbridge, VA 22193

## DEFENDANTS

PAKISTAN INTERNATIONAL AIRLINES
1001 Connecticut Avenue, N.W., Suite No. 225
Washington, D.C., 20036

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)  DC County
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Nausheen Ahmed
Pro Se Plaintiff
14353 Westway Lane, Apt. #12
Woodbridge, VA 22193
(703)-496-7320

ATTORNEYS (IF KNOWN)

STEPHANIE L. MARN
Proskauer Rose LLP
1001 Pennsylvania Ave., NW, Suite No. 400 South
Washington, D.C., 20004-2533
(202)-416-6800

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⦿ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☒ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
- ○ 1 Original Proceeding
- ⦿ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
§§ 1331, 1441, 1446 Suit Against Foreign State Under 28 USC § 1603(a) and Civil Action Prompted by ERISA, 29 U.S.C. §§ 1001 et seq.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ 8,100 + Other Damage   Check YES only if demanded in complaint
JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 1/22/07   SIGNATURE OF ATTORNEY OF RECORD *Stephanie L Mann*

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.